**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANGELA M. GONZALEZ-HASSAN,<br>   Plaintiff,<br><br>               v.<br><br>ATLANTA HARM REDUCTION<br>COALITION, INC.,<br>   Defendant. | Civil Action No.<br>1:23-cv-02022-SDG |

**OPINION AND ORDER**

This case is before the Court on Plaintiff Angela M. Gonzalez-Hassan's motion to reopen case due to ineffective assistance of counsel and excusable neglect, pursuant to Fed. R. Civ. P. 60(b) [ECF 9]. For the following reasons, Plaintiff's motion is **DENIED**.

**I.    Background**

This case involves allegations of racial discrimination by Plaintiff against her former employer, Defendant Atlanta Harm Reduction Coalition, Inc. (AHRC).[1] Plaintiff initially filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about November 29, 2022.[2] The EEOC issued

---

[1]   AHRC disclosed in its notice of removal that it changed its name to Georgia Harm Reduction Coalition, Inc. as of August 18, 2022. *See* ECF 1-1. For the sake of consistency with the docket, this Order will continue to refer to AHRC.

[2]   ECF 1-2, at 13.

1

Plaintiff a Right to Sue letter on December 5.[3] Plaintiff then filed a complaint in the Superior Court of Gwinnett County, Georgia, on March 6, 2023, bringing a single count of racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Georgia Fair Employment Practices Act, O.C.G.A. § 34-1-2.[4] Plaintiff filed an amended complaint in state court on April 3.[5] AHRC removed on May 4.[6]

The case spent comparatively little time being actively litigated in this Court. AHRC filed its answer on May 11, and approximately one month later the parties filed a joint stipulation of dismissal with prejudice.[7] The docket remained quiet until August 2024, when Plaintiff, now appearing *pro se*, filed the instant Rule 60(b) motion.[8]

Plaintiff seeks to reopen this case on the grounds that her former counsel failed to provide her adequate representation, leading her to agree to dismiss the

---

[3] *Id.* at 11.

[4] *Id.* at 6–9. The Court notes that O.C.G.A. § 34-1-2 refers to age discrimination, whereas the Fair Employment Practices Act is located at O.C.G.A. § 45-19-20 *et seq.*

[5] ECF 1-2, at 16.

[6] ECF 1.

[7] ECFs 4, 8.

[8] ECF 9. Shortly after the filing of Plaintiff's *pro se* motion, Plaintiff's former counsel moved to withdraw his appearance, which the Court granted. ECFs 10, 12.

2

case with prejudice.[9] In particular, Plaintiff states that her former counsel—among other alleged missteps—did not interview key witnesses and advised Plaintiff to dismiss her case with prejudice in order to avoid potential liability for costs, without having given Plaintiff a thorough explanation of the consequences or attempting to settle the case.[10] Plaintiff has filed a grievance with the State Bar of Georgia regarding her former counsel.[11] Plaintiff also takes issue with the sequence of events leading up to the filing of the stipulation of dismissal: according to Plaintiff, her former counsel "coerced" her into agreeing to dismiss the case with prejudice, but only then sought a small settlement payment from AHRC; several days later, after AHRC rejected the settlement demand, Plaintiff's former counsel informed AHRC's counsel that Plaintiff had agreed to dismiss the case.[12] Plaintiff also suggests that her former counsel did not adequately disclose his "familiarity" with defense counsel, "potentially indicating collusion or misconduct."[13]

---

[9]   ECF 9.

[10]  *Id.* at 3.

[11]  *Id.* at 6–9.

[12]  *Id.* at 2, 3, 12, 34.

[13]  *Id.* at 2.

**II.    Discussion**

Federal Rule of Civil Procedure 60(b) permits relief from a final judgment based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; or (4) a void judgment. The rule also contains a limited catch-all provision providing that relief from a final judgment may be granted for "any other reason that justifies" such relief. Fed. R. Civ. P. 60(b)(6). Whether to grant a motion under Rule 60(b) is within the "sound discretion of the district court." *Chege v. Ga. Dep't of Juvenile Justice*, 787 F. App'x 595, 597 (11th Cir. 2019) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009)).

Plaintiff seeks relief from the dismissal of her case under subsections (b)(1), (2), (3), and (6). AHRC responded that, because Plaintiff's Rule 60(b) motion is based on the (allegedly) ineffective assistance of her former counsel, it must be brought under (b)(1) and therefore should be denied as untimely.[14] AHRC further contends that Plaintiff has not demonstrated the exceptional circumstances necessary for relief under (b)(6).[15] Plaintiff's grounds for relief are more appropriately separated into two categories: (1) her former counsel's allegedly

---

14   ECF 11.

15   *Id.*

inadequate representation, and (2) her former counsel's supposed collusion with defense counsel. The Court will address each in turn, according to the appropriate subsections of Rule 60(b).

### A. Attorney negligence is governed by Rule 60(b)(1), and Plaintiff's motion for relief is untimely.

AHRC is, for the most part, correct that "claims of attorney error must be made under the more specific Rule 60(b)(1), rather than under the 'residual equitable authority' contained in Rule 60(b)(6)." *S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007) (citing *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)); *see also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (holding that relief was unavailable under Rule 60(b)(6) for counsel's mistaken interpretation of law because it "fit[ ] more naturally under Rule 60(b)(1)"). Indeed, the Eleventh Circuit "consistently has held that 60(b)(1) and (b)(6) are mutually exclusive," such that "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Solaroll Shade*, 803 F.2d at 1133. A motion brought under Rule 60(b)(1) must be made within a reasonable time and—most importantly here—no more than a year after the entry of the judgment or order at issue. Fed. R. Civ. P. 60(c).

The bulk of Plaintiff's claims for relief are based on the supposed failure of her former counsel to provide adequate representation—*i.e.*, according to Plaintiff,

5

a competent attorney[16] would have conducted a more thorough investigation of her claims, interviewed her witnesses, pursued the litigation instead of recommending a dismissal with prejudice, or made an earlier settlement demand. The Eleventh Circuit has left open the possibility that attorney error, when combined with "exceptional circumstances" or potentially "gross neglect," could fall within the catch-all provision of (b)(6). *See, e.g.*, *Solaroll Shade*, 803 F.2d at 1133 (distinguishing cases where "courts have held that attorney error comes within the scope of 60(b)(6) even though it does not constitute excusable neglect under 60(b)(1)," as "these cases specifically require gross neglect or other exceptional circumstances"); *Simmons*, 241 F. App'x at 663 (holding that the district court did not abuse its discretion in denying relief under (b)(6) because movant's "argument relies solely on a claim of attorney error, and does not point to any other exceptional circumstance that would warrant relief under Rule 60(b)(6)"); *but see Cavaliere*, 996 F.2d at 1115 (noting that relief under (b)(6) requires a "showing of exceptional circumstances" but reasoning that relief for a mistaken interpretation of the law was unavailable under (b)(6) because it was mutually exclusive with relief under (b)(1)).

---

[16] At this stage, the Court takes no position as to whether Plaintiff's former counsel provided adequate representation in this case.

However, Plaintiff is seeking relief based almost entirely on the (allegedly) bad advice and strategic missteps of her former counsel—Plaintiff's suggestion of counsel's collusion with defense counsel will be addressed *infra*. Plaintiff has not identified any exceptional circumstances related to her former counsel's advice or conduct in finalizing the dismissal of her case. For example, Plaintiff suggests that her former counsel acted improperly in communicating Plaintiff's agreement to a dismissal only *after* she had actually agreed, approximately one week later.[17] But the Georgia Rules of Professional Conduct require that the decision whether to settle a matter must be made by the client, *see* Rule 1.2(a), and the attorney must promptly consult with and secure the client's informed consent prior to taking action to settle a matter, *see* Rule 1.4(a)(1). Other documents filed with Plaintiff's motion indicate that the lapse in time was related to her counsel's settlement demand, which AHRC rejected.[18] Elsewhere, Plaintiff's contention that her former counsel did not adequately explain the implications of a dismissal with prejudice are belied by the fact that Plaintiff reported to the State Bar of Georgia that counsel told her she "would not be able to file again" if she dismissed her case.[19] Therefore, Plaintiff's claims for relief fall almost entirely under (b)(1) as alleged instances of

---

[17]   ECF 9, at 2, 3.

[18]   *Id.* at 8, 12.

[19]   *Id.* at 2, 8.

attorney error or negligence and are subject to the one-year deadline in Fed. R. Civ. P. 60(c)(1). Because Plaintiff's motion was filed more than one year after the dismissal of her case,[20] the motion is untimely and must be denied.

Plaintiff also seeks relief under (b)(2) and (b)(3), though the grounds for relief under these subsections are essentially restatements of her claims of attorney negligence and malfeasance under (b)(1) and (b)(6). As previously noted, claims of attorney error or negligence are properly analyzed under (b)(1), but even if those claims also fit under (b)(2) or (b)(3) they are equally subject to the one-year deadline in Rule 60(c)(1). Thus, these claims must also be denied as untimely.

### B. Plaintiff's allegations regarding her former counsel's familiarity with defense counsel do not justify relief under Rule 60(b)(6).

The Court will consider Plaintiff's claims regarding her former counsel's alleged "collusion" or "misconduct" separately under Rule 60(b)(6).[21] As previously noted, the Eleventh Circuit has acknowledged—though perhaps not

---

[20] Clerk's Entry of Dismissal Approving Stipulation of Dismissal [ECF 8], June 16, 2023.

[21] In her Rule 60(b) motion, Plaintiff grounds her claim for relief under (b)(6) on "ongoing EEOC complaints and investigations against the Defendant, as well as the availability of credible witnesses." ECF 9, at 2. However, these claims on their own do not demonstrate the sort of "extraordinary circumstances" necessary to grant relief under (b)(6). *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000). Construed liberally as a claim for relief based on newly discovered evidence under (b)(3), this claim is untimely for the reasons stated in Section II.A, *supra*.

endorsed—the possibility that an attorney's "gross neglect" or other exceptional circumstances may justify relief under (b)(6). *See Solaroll Shade*, 803 F.2d at 1133 (citing, among others, *Transp. Pool Div. of Container Leasing, Inc. v. Joe Jones Trucking Co.*, 319 F. Supp. 1308 (N.D. Ga. 1970)). In *Joe Jones*, the court granted relief pursuant to Rule 60(b) on a default judgment entered against an individual defendant, where the defendant delivered a copy of the lawsuit to his attorney, his attorney failed to file an answer or defense—purportedly because the defendant did not provide him with supporting evidence—and the attorney subsequently "disappeared" from the area. 319 F. Supp. at 1310–12. *Joe Jones* relied in part on *McKinney v. Boyle*, 404 F.2d 632 (9th Cir. 1968), where the Ninth Circuit held that "fraud on the part of [plaintiff's] own counsel and his former wife . . . . brings him within ground (6), as to which there is no fixed time limit." *Id.* at 634. Accordingly, the Court will apply the (b)(6) standard to Plaintiff's suggestions of collusion and misconduct by her former counsel.[22]

While those suggestions may be enough to bring Plaintiff's motion within (b)(6), they are inadequate to justify relief. Plaintiff points to her former counsel's "familiarity" with defense counsel, which she claims was not adequately disclosed, and then suggests that this familiarity indicates collusion or

---

[22] Again, the Court takes no position on the credibility of Plaintiff's allegations against her former counsel.

misconduct.[23] But Plaintiff has not pointed to any actual or potential conflict of interest between her former counsel and defense counsel, nor has she pointed to any evidence of collusion or misconduct besides the advice with which she now disagrees. In fact, Plaintiff has not alleged anything other than what can be expected to be a professional acquaintanceship between counsel. It is not surprising at all if Plaintiff's former counsel—who is a principal member of an Atlanta-based employment litigation firm and was identified by Plaintiff on an EEOC referral list[24]—is at least familiar with defense counsel, whose Atlanta-based lead counsel is a member of his firm's Labor & Employment group.[25] While the American Bar Association has opined that "close personal relationships" between attorneys may create conflicts of interest,[26] "opposing lawyers who are friends [much less professional acquaintances] are not *for that reason* alone

---

[23]  ECF 9, at 2.

[24]  *Id.* at 7, 18.

[25]  *See* https://www.bakerdonelson.com/David-Gevertz [https://perma.cc/8A96-C85M].

[26]  The ABA's formal opinion is based on ABA Model Rule 1.7(a)(2), which states that a lawyer may not represent a client if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." While Georgia has not adopted the precise language of Model Rule 1.7(a)(2), Comment 6 to Georgia Rule 1.7 similarly states that "[t]he lawyer's personal or economic interests should not be permitted to have an adverse effect on representation of a client."

prohibited from representing adverse clients." *Conflicts Arising Out of a Lawyer's Personal Relationships with Opposing Counsel*, ABA Formal Op. 20-494 (emphasis in original). The ABA's position is that "[t]he analysis turns on the closeness of the friendship," where some relationships between opposing counsel require the client's informed consent, yet others may not even require disclosure to the client. *Id.* Plaintiff has not made any showing that her former counsel had a close personal relationship with defense counsel of the sort that required her informed consent. In sum, Plaintiff has not demonstrated the "extraordinary circumstances" necessary to obtain relief under Rule 60(b)(6). *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000).

### III. Conclusion

Plaintiff's motion to reopen case due to ineffective assistance of counsel and excusable neglect [ECF 9] is **DENIED**.

**SO ORDERED** this 25th day of March, 2025.

_____
Steven D. Grimberg
United States District Judge